Raymond L. KEETON and Nita G. Keeton (Plaintiffs), Respondents-Appellants,

v.

SLOAN'S MOVING AND STORAGE COMPANY, a Corporation (Defendant), Appellant-Respondent.

Nos. 28927–28928.

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1955.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 13, 1955.

Not to be reported in State Reports.

Finley, Lucas & Arnold, John A. Arnold, Ralph T. Finley, St. Louis, for (plaintiffs) respondents-appellants.

Sievers, Reagan & Schwartz, St. Louis, for (defendant) appellant-respondent.

WOLFE, Commissioner.

This is an action by which the plaintiffs sought to recover damages arising out of the destruction of their furniture and personal property by fire, while stored in a warehouse of the defendant. Four counts were pleaded as grounds for recovery. The court sustained defendant's motion for a judgment on counts 3 and 4 and the plaintiffs dismissed as to count 2. The case was submitted on the remaining count 1, and a verdict was returned for plaintiffs. From the resulting judgment the defendant appealed and the plaintiffs appealed from the judgment against them on counts 3 and 4.

Count 1 of the petition, the count upon which the plaintiffs prevailed, alleged that they had contracted with the defendant company to have their furniture and belongings stored in a fireproof warehouse located on Delmar Avenue, in the City of St. Louis, but that the defendant in breach of the contract stored their property in a building on Hodiamont Avenue, which was not fireproof. It further alleged that the building on Hodiamont Avenue was destroyed by fire and that their property was burned and rendered useless by the resulting damage. This count sought damages for breach of the alleged contract to store in a fireproof structure.

Count 2, which was dismissed by the plaintiffs, was predicated upon negligence in storing the goods in an inflammable building.

Count 3 of the petition sought recovery on the contract of bailment, and count 4 alleged misrepresentation and fraud.

The defendant answered by way of a denial of all allegations upon which the plaintiffs predicated their action and in addition

to this it alleged that whatever furniture or property of the plaintiffs which had been destroyed by fire was placed in the Hodiamont warehouse under a contract with United Van Lines, Inc., and that the defendant assumed no liability for damages. It alleged that the property was placed in the warehouse under a contract in writing with the United Van Lines, whereby it was agreed that the value of the property was not to exceed 30 cents per pound. It further alleged that the total weight of the property was 2,480 pounds and that the plaintiffs could recover not more than $744 under the terms of the contract.

The evidence on behalf of the plaintiffs was that they are husband and wife and that the husband, an engineer, was transferred by the company for which he worked from St. Louis, Missouri, to Toronto, Canada. He owned a home in St. Louis where he had lived with his wife and son, but he had no place of residence in Toronto and desired to store their household furniture and personal property until he found a place in which to live. Mrs. Keeton, the wife, undertook to find suitable storage. She consulted the advertising section of the telephone book and came upon an advertisement of the defendant, Sloan's Moving & Storage Company, which pictured a large modern building and advertised fireproof storage.

Mrs. Keeton telephoned the defendant company and asked about the type of building in which they stored furniture and was told that it was the most modern fireproof building in the City of St. Louis. She later talked to Mr. Sloan over the phone and was told that she would not need to carry any insurance if their furniture was stored with his company. In September of 1950 she rode down to the Delmar Avenue building and looked at it from the outside. In November they leased their St. Louis house and Mrs. Keeton called Mr. Sloan again and told him to pick up their furniture for storage at the Delmar Avenue building. A van of Sloan's Moving & Storage Company called at their house and their furniture and belongings were loaded upon it. She asked the man in charge of the loading op-

eration for a receipt but he gave her none, informing her that one would be mailed to her.

After removal of their property plaintiffs drove to Toronto, Canada, by automobile, and resided there in a hotel. They heard nothing from the defendant company until January 19, 1951, when Mr. Keeton received a letter from Sloan's Moving & Storage Company, stating that the company's warehouse on Hodiamont Avenue had been destroyed by fire on January 15, and requesting Keeton to examine the salvage and claim his loss. Keeton flew to St. Louis and talked to Mr. Sloan of the defendant company. Sloan told him that there were storage charges of $53.20 that had to be paid and a paper to be signed before he could see his furniture. Keeton then paid the amount requested and signed a printed form presented to him. He said that he did not read the form but thought it to be a receipt. The form that he signed was designated an original shipper's receipt, and was captioned "Combination Uniform Household Goods Bill of Lading and Freight Bill (not negotiable) United Van Lines, Inc."

After signing this Mr. Keeton was sent to the Hodiamont warehouse where he saw his furniture and other property, which was burned and scorched. He directed that the property be sent to the house of a friend so that his wife might later inspect it. This was done, and it was stored in the basement of his friend's house until his wife later came to St. Louis and looked it over.

Mrs. Keeton came to St. Louis and examined the goods and found them of no value except for certain specified items. She stated that she was familiar with the price she had paid for the various things, giving the price of each, and that, owing to an increase in the cost, the items were worth as much when they were stored with the defendant as they were when she purchased them.

There was evidence that the warehouse on Hodiamont Avenue had wooden joists and rafters and was not fire resistant.

On behalf of the defendant, its president and treasurer, Mr. Lee J. Sloan, testified that his company was agent for the United Van Lines, and that goods to be shipped by it were stored temporarily at the Hodiamont warehouse because it had a large loading dock. He said that the Keeton goods were received for transportation and that they were stored temporarily awaiting instructions from the shipper. He stated that the company received the goods as agent of the United Van Lines under a uniform bill of lading as an interstate shipment regulated by Tariff No. 35A of the Interstate Commerce Commission. A certified copy of Tariff 35A was put in evidence. The witness said that he talked to Mr. Keeton several times after the fire but that he had never requested Mr. Keeton to sign anything. He further testified that he had never talked to Mrs. Keeton at any time.

A Mr. T. Virgil Sloan, another officer of the defendant company, stated that he had talked to Mrs. Keeton over the phone, but that their conversation related to having furniture moved to Canada. He said that he told her that the company was an agent for the United Van Lines and that he would send a representative to talk to her. He testified that a Mr. Lynch, since deceased, talked to Mrs. Keeton.

The driver of the van which took the belongings of the plaintiffs to the warehouse testified that Mr. Keeton signed the uniform bill of lading offered in evidence at the time the goods were loaded on the van.

This bill of lading, in the printed portion, provides that it is subject to the tariff in effect on the date of its issuance, and further provides: "The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $.30 per pound per article."

■ The defendant charges that the court erred in refusing to give certain instructions offered by it. One of these designated Instruction B is as follows:

"The Court instructs the jury that if you find and believe from the evidence that the defendant in November, 1950 was the agent of United Van Lines, and that plaintiffs delivered their household goods to the defendant for temporary storage in St. Louis, Missouri for the purpose of having said household goods later moved to Toronto, Canada, then you are instructed that the storage of said goods in St. Louis, Missouri was governed by the tariff filed with the Interstate Commerce Commission and in no event can the plaintiffs recover more than seven hundred forty-four ($744.00) in this suit."

This proposed instruction does not require a finding that the goods were delivered to the defendant as agent for the United Van Lines. The mere fact that defendant was a carrier's agent did not relieve it from liability as a warehouseman unless it acted as agent when it took the goods in storage. If the converse of this were true, an agent for a carrier could do a general warehouse business with his liability always limited to that of a carrier.

■ It is further evident that the Interstate Commerce Commission tariff relates to carrier's liability and not to the liability of the agent. The offered instruction, in stating that the plaintiffs could recover no more than $744, is in conflict with one given on behalf of the defendant, which instructed that no recovery could be had by the plaintiffs if the bill of lading of the United Van Lines had been signed by Keeton before January 15, 1951. It is, of course, error to give conflicting instructions, and for the reasons stated the court properly refused Instruction B. Gaines v. Property Servicing Co., Mo.Sup., 276 S.W.2d 169, loc. cit. 175.

■ The defendant also asserts that the court erred in refusing to give an instruction designated "A". This dealt with the burden of proof which was fully covered by another instruction offered by the defendant and given by the court; consequently no error was committed in refusing the instruction.

■ The defendant requested the court to give four instructions withdrawing

from the jury's consideration certain evidence that had been given relative to the defendant's advertisement in the telephone directory, the type of building that the Hodiamont warehouse was and how it was classified as a fire risk, and a statement made by Mrs. Keeton that she had been told by Mr. Sloan that it would not be necessary for her to carry insurance. It is contended that this evidence sought to be withdrawn from the jury's consideration went to prove counts of the petition not submitted. The court, however, by an instruction given withdrew from the consideration of the jury all counts except count 1. It further appears that the evidence was admissible under the count upon which the case was submitted, for where the making of an oral contract is disputed, the acts and declarations of the parties tending to establish or refute it are admissible, together with all the facts and surrounding circumstances. Gibbons v. Chomeau & Engelland, 240 Mo.App. 41, 210 S.W.2d 715; 17 C.J.S., Contracts, § 593.

As to the advertisement in the phone book, the Supreme Court, in Brown v. Sloan's Moving & Storage Co., 274 S.W.2d 310, loc. cit. 316, held the same advertisement admissible, stating:

> "We think the wording of the advertisement might reasonably be understood as a representation that all of defendant's storage facilities were fireproof and were equipped with sprinkler systems. We believe it could be reasonably found that the advertisement was intended and designed to convey that impression to the public generally including plaintiffs. The intended design of the advertisement, in our view, was a jury question."

The Brown case dealt with an action on fraudulent misrepresentation, but there appears to be no reason why the advertisement should not be admissible in an action on the contract here alleged for the same reasons as stated in the Brown case.

■ The defendant also asserts that the court erred in giving the plaintiffs' main verdict-directing instruction. It is stated that the instruction assumes a number of disputed issues of fact to be true. The instruction starts with "The court instructs the jury that if you find and believe from the evidence * * *" and then enumerates the facts required to be found. It is not necessary to repeat the phrase "If you find and believe from the evidence" after each fact required to be found when an instruction clearly requires a finding of all of the enumerated facts. The instruction does require a finding of the facts and is not therefore subject to the objection that the facts are assumed by it. Dodson v. Gate City Oil Co., 338 Mo. 183, 88 S.W.2d 866, loc. cit. 873; Ward v. Missouri Pacific Ry. Co., 311 Mo. 92, 277 S.W. 908; O'Leary v. Scullin Steel Co., 303 Mo. 363, 260 S.W. 55. It required the jury to find more facts than were necessary for a recovery upon the contract alleged, but it contained the facts necessary to support a recovery.

■ It is also contended that the instruction ignored "the defense that the contract covered an interstate movement with temporary storage in St. Louis." The plaintiffs' instruction submitted the facts necessary for a recovery and the defendant's instruction authorizing a verdict for the defendant submitted the defenses pleaded. Therefore, the plaintiffs' instruction cannot be condemned as erroneous in not submitting the defenses. Merrick v. Bridgeways, Inc., 362 Mo. 476, 241 S.W.2d 1015; Perry v. Missouri-Kansas-Texas R. Co., 340 Mo. 1052, 104 S.W.2d 332. We are cited to Scott v. Missouri Insurance Co., Mo.App., 246 S.W.2d 349, and Foster v. Aetna Life Insurance Co. of Hartford, Conn., 352 Mo. 166, 176 S.W.2d 482, where the plaintiffs' verdict-directing instruction ignored the issue of a release of the claims sued upon. In those cases the signing of the release was admitted and a proof of lack of consideration was an essential element of the plaintiff's case. They consequently are not in point with the case before us, for the plaintiffs here denied both by their pleading and their evidence that they had entered into a contract with the defendant as agent for the United Van Lines and their instruc-

tion did not exclude the defense offered and instructed upon. The instruction is consequently not erroneous. Merrick v. Bridgeways, Inc., supra.

■■ The last point raised by the defendant is that the court erred in overruling defendant's request for a directed verdict in that there was a failure to prove damages. Where actionable injury is shown there is a right to damages and in the absence of proof of the amount of the loss by reason of the injury, nominal damages are given. Therefore, the court could not have directed a verdict for the defendant. Curd v. Reaban, Mo.Sup., 232 S.W.2d 389; Stroud v. Masek, Mo.Sup., 262 S.W.2d 47; King v. City of St. Louis, 250 Mo. 501, 157 S.W. 498.

■■ If we construe the point to mean that the proof was not sufficient as to the amount of damages to support the verdict, it does not appear to be well taken. Mrs. Keeton testified in detail as to the price she had paid for each article at the time of its purchase and placed the value of the goods at the time of their storage at the price she had paid for them, arriving at the latter figure by reason of the increased cost of furniture and the condition of the goods at the time they were stored. She described the damage and told that which she could still use and that which was "ruined". She placed the total value of the goods at $5,004.11. Any lack of professional experience on the part of Mrs. Keeton in regard to the valuation of the property affected went only to the weight and not to the competency of her testimony. She was testifying about articles with which she and most housewives are familiar and her testimony was sufficient proof of the value of the goods both before and after the fire. State ex rel. Terry v. Ace Storage & Moving Co., Mo.App., 135 S.W. 2d 363.

The plaintiffs by their appeal maintain that the court erred in directing a verdict on count 3 of their petition, which stated a contract of bailment and a failure of defendant to deliver their goods to them upon demand. The law as to the liability of a warehouseman has been fully set out in Brown v. Sloan's Moving & Storage Co., Mo.Sup., 274 S.W.2d 310; Gutknecht v. Wagner Bros. Moving & Storage Co., Mo. App., 266 S.W.2d 19; and Fry v. Wagner Bros. Moving & Storage Co., Mo.App., 267 S.W.2d 359.

A further discussion of this and the other points raised by the plaintiffs would serve no useful purpose as the express reason for the plaintiffs' appeal was to preserve the right to try the case on the other counts if the judgment on the count upon which they prevailed was here reversed. Since it should not be reversed, the points raised by the plaintiffs' appeal need not be considered.

For the reasons stated, it is the recommendation of the Commissioner that the judgment of the circuit court be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

MATTHES, J., and WM. R. COLLINSON and DOUGLAS L. C. JONES, Special Judges, concur.