Lester COFFMAN, Appellant,

v.

**Paul FAULKNER, Respondent.**

No. 40574.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 16, 1979.

Application to Transfer Denied
Jan. 15, 1980.

James J. Knappenberger, Robert Meyers, Shaw, Howlett & Schwartz, Clayton, for appellant.

Jack C. Stewart, Dennis H. Tesreau, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for respondent.

REINHARD, Presiding Judge.

Plaintiff brought a suit in replevin seeking recovery of a 955 H Caterpillar Dozer. In his petition plaintiff alleged that he was both the owner and entitled to immediate possession of a 955 H Caterpillar Dozer, Serial No. 60A10328,[1] that defendant took

---

1. The parties referred to the chattel interchangeably as a tractor, dozer and crawler-

loader. However, there was apparently no dispute that all of these various designations re-

said property from his possession by seizing it from his residence, and that at the time of the filing of the petition the defendant still detained the property.

Defendant filed an answer and counterclaim for conversion. His answer generally denied plaintiff's allegations. In his counterclaim defendant alleged that he was the owner of a Caterpillar Model No. 955 H Crawler-Loader, Serial No. 60A10328, that the same was stolen from him, and that at the time plaintiff came into possession thereof he knew or upon reasonable inquiry should have known that it was stolen. Defendant alleged that he was damaged in the amount of fifteen thousand dollars.

Plaintiff testified that he purchased the Caterpillar Tractor Model 955 H, Serial No. 60A10328. Plaintiff initially saw the dozer parked alongside several other pieces of machinery on a lot near Martin Luther King Drive in St. Louis. He purchased it from Joseph Paul and William James. Plaintiff did not know the two men, received no bill of sale, and had been unable to find the two men since the purchase. He offered in evidence a cashier's check in the amount of $5,000 payable to Joseph Paul and William James on which serial number 60A10328 appeared.

Defendant testified he purchased a tractor from Missouri-Illinois Tractor Equipment Company in January, 1972. The serial number was 60A10328. Defendant documented the sale to him of a used Caterpillar Model No. 955 H Crawler-Loader, serial number 60A10328, by introducing, among other exhibits, a retail installment contract and security agreement. Defendant testified that this tractor was stolen from him on November 5, 1973. He next saw it on October 11, 1976. At that time, in addition to the serial number, he was able to identify the tractor as his because of several distinguishing characteristics.

At the end of the evidence, the court sustained defendant's motion for a directed verdict on plaintiff's petition. The jury

ferred to the property which plaintiff sought to replevy.

returned a verdict in favor of the defendant on his counterclaim as follows: $2,688 for property damage and $10,000 for loss of use. Plaintiff appeals.

■■■ Plaintiff first contends that the trial court erred in directing a verdict in his cause of action. A trial court should direct a verdict only where "reasonable men in an honest and impartial exercise of their duty could not differ on a correct disposition of the case." *Stogsdill v. General American Life Ins. Co.*, 541 S.W.2d 696, 698 (Mo.App. 1976). In reviewing whether the trial court erred in sustaining defendant's motion for directed verdict, we must look at the evidence in the light most favorable to the plaintiff's theory of the case and disregard the defendant's evidence except insofar as it aids the plaintiff's case. *Kreutz v. Wolff*, 560 S.W.2d 271, 276 (Mo.App.1977).

■■■ We have carefully reviewed the testimony and exhibits. We find the court could have reached no other conclusion than that the defendant had the right to possess and was the owner of tractor number 60A10328. Furthermore, it is clear that the tractor plaintiff is attempting to replevin and the one owned by defendant are one and the same, number 60A10328.

On appeal, plaintiff points to three specific instances in the evidence which he says creates a question of fact as to whether the tractor in possession of the plaintiff was the same tractor which was stolen from the defendant.[2] He cites the testimony of George Neff, his witness, regarding a receipt for tractor parts purchased by plaintiff which listed serial number 60A10728 on the receipt. At best, this indicates the tractor in possession of plaintiff was not the one with serial number 60A10328. However, this is contrary to plaintiff's pleading and testimony and therefore creates no issue of fact. The same is true of the defendant's testimony that the seized tractor's serial number looked like it had been altered.

2. Plaintiff concedes in his brief on appeal that defendant's tractor was stolen.

Finally, plaintiff looks to the testimony of Robert Arendes, Vice President of Missouri-Illinois Tractor Equipment Company. Plaintiff claims Arendes testified that "he could barely make out the serial number" of the caterpillar which his company sold to defendant. We find no such testimony in the record; in fact, Arendes testified that the bill of lading, the retail sales contract, and the security agreement involved in the sale all listed the serial number as 60A10328. Plaintiff's argument that a jury question existed because of these three alleged inconsistencies is without merit.

As a second point or error, plaintiff contends the court committed prejudicial error when it allowed into evidence defendant's testimony concerning an offer of settlement made by plaintiff. Defendant testified over objection by plaintiff that plaintiff telephoned him after he recovered the tractor. "He just asked me you know, if maybe we could come to some settlement or something like when could he get the tractor back. . . . [I] told him no I didn't want to sell the tractor, so he just told me he would see me in court."

Plaintiff contends the testimony was an offer of compromise and not an admission against interest. Offers of compromise are to be encouraged in the furtherance of peaceful settlements of cases and therefore are generally inadmissible. *Jacobs v. Danciger*, 344 Mo. 1042, 130 S.W.2d 588, 592 (1939). We agree with plaintiff that this statement was an offer of compromise and should have been excluded. However, we are not required to reverse a judgment unless the error committed materially affected the merits of the action. *Aiple v. South Side National Bank*, 442 S.W.2d 145, 153 (Mo.App.1969); Rule 83.-13(b). In view of the direction of the verdict and the elimination of a determination by the jury as to ownership, we find no prejudice in the admission of the testimony.

As his last point, plaintiff contends the trial court erred in giving defendant's conversion verdict directing instruction on defendant's counterclaim for the following reasons: 1) that "it did not instruct the jury as to the issue of ownership of the tractor or as to the question of the right of possession" and 2) that it erroneously instructed that the plaintiff must inquire as to whether or not the tractor was stolen.

Reason one above is without merit. By directing the verdict on plaintiff's petition, the court determined that there was no issue of fact to be determined as to possession and ownership of the tractor. In defendant's argument to the jury, counsel fully explained that this issue had been determined by the court. Plaintiff did not object. Because the question of ownership and possession of the tractor was no longer in dispute, the jury did not have to decide this issue before finding for the defendant.

Likewise, plaintiff's second reason does not provide a basis for reversal. The third element of defendant's conversion verdict directing instruction required the jury to believe: "that at the time plaintiff accepted possession of said Caterpillar he knew or upon reasonable inquiry should have known that said property was stolen." Generally, the question of good faith and the elements of motive, knowledge or ignorance, or care or negligence are not involved in actions of conversion. *Commercial Credit Corp. v. Joplin Automobile Auction Co.*, 430 S.W.2d 440, 444 (Mo.App.1968). Therefore, while it was improper to instruct that plaintiff had the duty to inquire into the ownership of the property in question, such error was in plaintiff's favor because the instruction required defendant to prove an element not required by law. Plaintiff cannot complain that such an error is prejudicial to him.

Any person who purchases the personal property of another from one other than the owner or someone authorized to sell the same is liable in trover for conversion of property in a suit by the true owner. *Allen v. Bagley*, 234 Mo.App. 891, 133 S.W.2d 1027, 1029 (1939). Even a bona fide purchaser of stolen property is liable to the true owner for conversion. *Wirt v. Schuman*, 67 Mo.App. 163, 170 (1896).

Judgment affirmed.

GUNN and CRIST, JJ., concur.