**R. B. BEWLEY, Sarah Bewley, Darrell Bewley and Noah Allen, Respondents,**

v.

**ALLRIGHT CARPARK, INC., Appellant.**

**No. WD 31349.**

Missouri Court of Appeals, Western District.

May 4, 1981.

Modified June 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1981.

Application to Transfer Denied July 14, 1981.

---

Ronald R. Holliger, Kansas City, for appellant; Koenigsdorf, Kusnetzky & Wyrsch, Kansas City, of counsel.

Patrick K. McMonigle, Kansas City, for respondents; Griffin, Dysart, Taylor, Penner & Lay, P.C., Kansas City, of counsel.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

PRITCHARD, Presiding Judge.

This is an action for damages for the value of personal property located in the trunk of an automobile which was stolen, along with the personal property, from appellant's parking lot. The personal property was never recovered.

The issues are: (1) whether respondents proved the value of their lost personal property; (2) the giving and refusal of certain instructions; and (3) the overruling of appellant's objections to evidence and respondents' closing argument relating to the fact that appellant or its insurer paid for the damage to R. B. Bewley's car, which was recovered.

In the month of July, 1978, respondents drove to Kansas City to attend a weeklong church convention. They had reservations at the Phillips House Hotel, but because a line of cars was long in front of it, they were unable to park the car and unload their personal effects. They then drove to the nearby parking lot of appellant, where they took a ticket causing the gate arm to rise, and they drove in about 15 or 20 feet. The parking lot was full and VanBebber, appellant's attendant, stopped respondents, and asked that they get out and he would park the car. R. B. Bewley testified further: "A. I remained on the lot long enough to tell Mr. VanBebber that we had reservations in the Phillips House Hotel, that we would go in and find the room that we was registered to and come back with a wagon for our luggage, we were there for our church convention for a week. Q. You specifically mentioned the luggage in your trunk? A. Absolutely; yes, sir." He had six suits in the car, describing them; two pairs of eight inch boots costing $38.00 each; and one pair of beige slippers which cost $34.00. A green suit cost $140.00, one blue one, $115.00, a brown suit was $105.00, and three suits cost $89.00 each. There were seven ties costing $7.50 to $8.00 each. "Q. * * * Approximately how old were these suits? A. They was—some of these suits were, perhaps, six months old, worn some of those, only worn as much as five times. Q. Were—were some newer than

that? A. Absolutely. There were some of them even newer than that and worn only three or four times, and all of the suits were practically brand new suits. Q. Would the same be true of other items of clothing that you described? A. Absolutely." Although R. B. Bewley apparently referred in his testimony to a list of personal items, he never did say that the list and the figures thereon were his costs or the value of the items to him. Thus, there is no evidence as to him of these items on the list, which was admitted into evidence as plaintiffs' exhibit 2 through other testimony; 10 shirts, 10 sets of underwear, socks, handkerchiefs, bathrobe, umbrella, suit bag, and shaving accessories. The total of the costs of the above items to which he testified is $789.50. There is no evidence from R. B. Bewley or anyone else of $170.50 in costs of other items. The proof, $789.50, is by $170.50 less than the $960 judgment given him.

Darrell Bewley testified substantially the same as his father, R. B. Bewley, as to the facts of parking the car and advice to VanBebber as to the presence of the luggage in the trunk. He testified as to costs of the clothing items, some purchased very recently, and others six months before. He valued the clothing and personal effects belonging to him at a total of $965.00, "arriving at your price based on the condition of the clothing and the age of the clothing." The judgment given Darrell Bewley was $965.00.

No point is made as to the judgment given Noah A. Allen for $776.85, who based his testimony as to value upon how much his clothing had been worn, and its age, using the purchase prices to some degree.

Sarah Lorene Bewley, wife of R. B. Bewley, also had personal effects in the trunk of the car. She described the items as hers listed on plaintiffs' exhibit 2, and gave the purchase prices new, except for a few items. The figures on the exhibit were what she believed to be the fair value of the property, totalling $813.00, and judgment was given her for that amount.

In Point I, as to R. B. Bewley's judgment, appellant contends that the trial court should have granted its motion for directed verdict because there was no competent evidence of the fair market value of the property lost by him. The general rule is as appellant states, that the measure of damages for loss of personal property is the difference between fair market values before and after the damage. *Brunk v. Hamilton-Brown Shoe Co.*, 334 Mo. 517, 66 S.W.2d 903, 910[23, 24] (Mo. 1933); *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 425 (Mo. App. 1973). But the rule is different for the kind of personal property which was here lost. In 22 Am.Jur.2d, Damages, § 150, pp. 218, 219, it is said, "Household goods and wearing apparel in the plaintiff's possession differ from many other items of personal property. They are often more 'personal' for the owner in the sense that another item of equal age, quality, and condition is not interchangeable, in the opinion of owners generally, with the item destroyed, injured, or taken. * * * In the determination of the measure of damages, evidence of the cost of articles when new in connection with evidence of the wear and tear, the length of time they have been in use, their condition at the time of the loss or injury, the expense of replacing them with other goods of a similar kind and in a similar condition, and any other facts which will enable the jury to determine the worth of the goods to the owner at the time of the loss, is proper for the consideration of the jury." Cited in the Am.Jur.2d citation, supra, is Anno.—Damages—Household Goods —Clothing, 63 A.L.R. 240, 241, where another general rule is stated, with many cases cited following it: "It is generally held that the amount of recovery for the loss or conversion of, or injury to, wearing apparel or household goods, is not limited to the price which could be realized by a sale in the market; but that the owner may recover the value of the goods to him, based on his actual money loss resulting from his being deprived of the property, or the difference in actual value caused by the injury, excluding any fanciful or sentimental values which he might place on them." In-

the-there cited case of *Monahan v. Scott Cleaning Co.*, 241 S.W. 956 (Mo.App. 1922), following the above rule that an owner may recover the value of the goods to him, the plaintiff lost a hand-crocheted bedspread of special design and pattern, the court approved an instruction to the jury that it could award what it found to be the fair and reasonable value of the spread, taking into consideration the labor and material involved. Superseding the foregoing annotation is another extended one, 34 A.L.R.3d 816, wherein the significant case of *Keeton v. Sloan's Moving & Storage Company*, 282 S.W.2d 194 (Mo.App. 1955), is reported. There, the plaintiff testified in detail as to the price she paid for each article at the time of its purchase and placed the value of the goods at the time of their storage at the price she had paid for them, arriving at the latter figure by reason of the increased cost of furniture and the condition of the goods at the time they were stored. "Any lack of professional experience on the part of Mrs. Keeton in regard to the valuation of the property affected went only to the weight and not to the competency of her testimony. She was testifying about articles with which she and most housewives are familiar and her testimony was sufficient proof of the value of the goods both before and after the fire." 282 S.W.2d 199[10, 11]. (Note also in the *Keeton case*, 282 S.W.2d 199[8, 9], that the court could not have directed a verdict for failure to prove damages where actionable injury is shown in which case nominal damages are given.) As to proof of value, see further, *Casada v. Hamby Excavating Co., Inc.*, 575 S.W.2d 851, 856 (Mo.App.1978). Considering R. B. Bewley's testimony above that his suits, shoes and ties were practically new, and the costs thereof, there was competent evidence of the value under the foregoing authorities, and Point I is therefore overruled, except as to $170.50 in items upon which he gave no cost figures.

By Point II, appellant again contends that there was no competent evidence as to the claims of Sarah Lorene Bewley and Darrell Bewley because there was no evi-

dence of the fair market value of their property. As noted in the authorities above, fair market value at the time of loss need not be the measure of damages for loss of personal apparel and effects. All the property here was lost to respondents. They were competent as owners to testify as to its value to them at the time of the loss, as each of them did. See the *Casada case*, supra, 575 S.W.2d 854[1–3], and cases and authority cited. Point II is overruled.

Instruction No. 3 is:

> Your verdict must be for plaintiffs and against defendant, Allright Carpark, Inc., if you believe:
>
> First, the attendant, Jack VanBebber, was an employee of Allright Carpark, Inc. and was operating the Allright Carpark parking lot at 11th and Wyandotte Streets in Kansas City, Missouri within the scope and course of his employment by Allright on or about 1:15 p.m., July 31, 1978, and
>
> Second, plaintiffs were owners of personal property, comprised of luggage, clothing and personal effects, which was contained in an automobile.
>
> Third, Jack VanBebber had knowledge of the existence of said personal property in said automobile, which was placed in control of Allright Carpark, Inc. for an agreed price.
>
> Fourth, while plaintiffs' personal property was in Allright Carpark's possession, the personal property was stolen, and
>
> Fifth, the personal property could not be returned to the plaintiffs.
>
> Unless you believed that plaintiffs are not entitled to recover by reason of instruction No. 4. Not in MAI (Submitted by Plaintiffs).

■ Appellant first says the instruction is erroneous because it failed to hypothesize an express or implied agreement by it to take control and make the personal property contained in the automobile a part of the bailment contract. It is certainly true that liability for the contents of an automobile under bailment depends on the notice or knowledge of the bailee of the presence of the contents. See 38 Am.Jur.2d Garages, Etc., § 31, p. 338; Anno. Automobile Bailee—Duty As To Contents, 27 A.L.R.2d 796, 809, § 8. For a case where lack of knowledge of an alleged bailee of a fur piece hidden in a coat prevented recovery by a bailor, see *Samples v. Geary*, 292 S.W. 1066, 1068 (Mo.App. 1927). See also 8 Am. Jur.2d, Bailments, §§ 75, 76, pp. 811, et seq. Appellant concedes in its brief that respondents' evidence is sufficient to prove its notice. VanBebber was given notice of the contents of the trunk. That issue is provided in paragraph three, first clause, of the instruction. Appellant, however, complains of the second clause of paragraph three, saying that it would permit the jury to find for respondents, on the issue of responsibility for contents, if it believed the automobile was placed in the control of appellant. The instruction is not susceptible to that charge of being erroneous. The argument ignores the required finding of paragraph second, that the personal effects were contained in the automobile; paragraph third submitted appellant's knowledge of the personal property in the automobile which was in appellant's control. All the essential elements of the bailment of the contents were adequately submitted—the delivery and acceptance of the contents so as to create a bailment contract. 8 C.J.S. Bailments § 15, pp. 360, et seq.

■ Appellant next charges that the instruction failed to require that respondents were damaged. Although not there challenged on that ground, the instruction follows those given in *Broadview Leasing Co. v. Cape Central Airways, Inc.*, 539 S.W.2d 553, 556 (Mo.App. 1976), footnote 5, where plaintiff's airplane was destroyed by fire (found not to be the result of lack of ordinary care). Here, there was clearly damage in the failure to return the personal property, an essential element of bailment, and would in itself result in damage. Besides, appellant's Instruction No. 4 referred to respondents' claims for damages in connection with its submission that it used ordinary care for the protection of respondents' property. The instruction follows the sub-

stantial law, and no perceivable error appears. Point III, challenging the giving of the instruction, is overruled.

Appellant, in Point IV, contends that the court erred in refusing to give its contributory negligence Instruction No. A, which submitted in its paragraph second, "the plaintiffs were negligent in leaving their personal property in their automobile, or * * *." Although it is true, as appellant argues, that respondents knew the parking lot was crowded; that there was apparently a busy attendant who would park the car, keeping the keys as he requested, there is nothing in the evidence that respondents knew that the attendant was anything but prudent. In *Scholman v. Joplin Automobile Auction Company*, 439 S.W.2d 215 (Mo.App. 1969), a bailment case based upon an allegation of general negligence of the bailee, it was said at page 218 [8, 9], "It is well established that the bailor's contributory negligence is a defense to an action by the bailee (bailor?) for negligent loss of the bailed property, and this includes the kind of contributory negligence which is sometimes called assumption of risk. (Citing case and authority.) On principle, we agree with the defendant that if the plaintiff, knowing and appreciating the risks, surrendered his property to a manifestly imprudent custodian, or permitted it to be stored in an obviously unsafe place while the sale was going on, he should not be permitted to recover." In this case, the cause of action is for breach of the bailment contract for failure to return the property in accordance therewith. Once the contract is shown and there is a failure to return the property, the burden of going forward with the proof to show some lawful excuse not to return the property, or that there was no lack of ordinary care of the bailor's property, is on the bailee. Because a case of contractual bailment, therefore, has some aspects of negligence or lack of negligence, it would seem that also a bailor's contributory negligence (or contributory fault) where he knows and appreciates the risks in surrendering his property to a "manifestly imprudent custodian" or to an obviously unsafe place would be an available defense, just as in negligent

bailment cases. There was no evidence here of any risk or an unsafe place or situation, nor any imprudent lot attendant, who here had ostensible authority to receive the car and its contents, with keys, for further parking by him. There was simply no evidence that respondents knew or appreciated any risk in leaving their personal property in the car. Thus, there was no error in refusing Instruction No. A, and the point is overruled.

By its last point, appellant asserts that the trial court erred in overruling its objections to both the evidence and closing arguments that it had paid for damage to R. B. Bewley's automobile, the evidence being incompetent and prejudicial. Appellant argues that this constitutes a violation of § 490.710, RSMo 1978. That section, however, relates to the inadmissibility of evidence of advance or partial payments on possible tort liability as an admission against interest. That is not this case, which is one based upon part of damages for one respondent, R. B. Bewley, for loss under a contract of bailment. It is, however, unnecessary to pursue the matter further for these reasons: Counsel for respondents stated in opening statement: "The car is not at issue here; the car was recovered; the evidence will show that damage that was done to the car was paid for by Allright Carpark. However, the contents of the car were not; * * *." There was no objection to this opening statement. Then in the opening statement of appellant's counsel, this was said, "Nevertheless, the car was stolen. The car was recovered a little later just south of town here. There was a wheel missing, a tire, I think maybe a spare tire and jack, and things like that; according to the police report, those things were missing. I think that evidence is undisputed; and the plaintiff, Bewley, it was his car, will tell you, himself, that that has been taken care of, that's been paid for." Then, over objection during trial, R. B. Bewley testified as to being paid for the damage to his car. Not having objected to respondents' allusion to the payment of the car damage in opening argument, then broach-

ing the subject itself in its own opening argument, appellant will not be heard to complain of any inadmissibility of the evidence on the matter. Any objection to the evidence had been waived. The last point is overruled.

The judgments are affirmed as to Sarah and Darrell Bewley and Noah Allen. The judgment is reversed as to R. B. Bewley, and as to him, the cause is remanded with directions to enter a new judgment as to him in the amount of $789.50.

All concur.