**WEST COUNTY INTERNAL MEDICINE, INC., et al., Plaintiff-Respondent,**

v.

**DOMIAN STANDARD SERVICE, INC., Defendant-Appellant.**

**No. 50753.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 24, 1987.

Donald L. Schlapprizzi, St. Louis, for defendant-appellant.

Michael W. Flynn, St. Louis, for plaintiff-respondent.

KELLY, Judge.

Domian Standard Service, Inc. appeals from a judgment entered against it following a jury verdict awarding $3,950.00 in damages to respondent West County Internal Medicine, Inc. in its action against Domian Standard Service, Inc. for breach of a bailment contract by conversion of respondent's automobile and its contents. We reverse and remand.

Dr. Charles Kilo, a physician, had incorporated his medical practice as the professional corporation of West County Internal Medicine, Inc., respondent herein. West County owned a used 1977 Mercury Marquis four door sedan purchased in 1978 or 1979 for $7,800.00 as a business car for Dr. Kilo. Early one evening in January 1982 during a bitterly cold St. Louis winter the car stalled near an intersection. Dr. Kilo left the car along the side of the road and walked to his office, just a short distance away. The car allegedly contained in its trunk medical equipment including a portable EKG machine and two medical bags with medical supplies, all with a fair market value of about $1,100.

Arrangements were made for Domian Standard Service, Inc. to tow the car to its place of operation. Following the towing, several conversations ensued between appellant and respondent concerning the car and repairs needed. Each party's recollection of the number of conversations, who initiated them, and the gist of their conversations differed. The upshot of the situation was that nearly six months after towing the car, Domian made no repairs and sold the car in August 1982 for $75.00 to a salvage operator dealer. Respondent subsequently initiated this action against Domian.

Domian asserts trial court error both in overruling Domian's motion for directed verdict because no evidence established that Domian had actual or constructive notice of the contents of the car to create any bailment contract for the medical equipment in the trunk and also in submitting West County's not-in-MAI verdict director because the instruction misstated the law of bailment.

Domian's first point contends that there was no evidence that it had actual or constructive notice of the presence of medical equipment left in the trunk of respondent's car. Absent notice of the trunk's contents, Domian argues no bailment contract for these items existed.

West County Internal Medicine, Inc. responds that its action against Domian alleged not only breach of a bailment contract, but also that Domian breached that contract by converting the bailed goods. West County argues that the evidence established Domian breached its bailment contract by appropriating the car and the medical equipment in the trunk to Domian's own use and benefit by selling the car for salvage without West County's knowledge or consent. Citing *Coffman v. Faulkner*, 591 S.W.2d 23, 26[8] (Mo.App. 1979), West County states that the question of good faith and the elements of motive, knowledge or ignorance, or care or negligence are not involved in actions for conversion. Since its action encompassed both conversion and breach of a bailment contract, West County concludes the denial of Domian's motion for directed verdict was proper.

■ It is this admitted overlap of the two theories which West County has pleaded in its single count petition that has created the difficulty in resolving Domian's first point. In general, a bailment relation is a contractual arrangement. 8 Am.Jur.2d *Bailments*, § 54 (1980). The term "bailment" in its ordinary legal sense signifies a contract resulting from the delivery of a thing by the bailor to the bailee on condition that it be restored to the bailor in accordance with his directions as soon as the purpose for which it was bailed are satisfied. *Ratterree v. General Motors Corp.*, 460 S.W.2d 309, 311[1] (Mo.App. 1970).

■ Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's right. *Houston v. Columbia Federal Savings and Loan Association*, 569 S.W.2d 211, 214[1] (Mo.App. 1978). Proof of conversion can be shown either by: (1) a tortious taking, or (2) by any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owner, or (3) by a refusal to give up possession to the owner on demand. *Id.* [2]. While conversion and breach of contract are theoretically two distinct principles for recovery in a bailment situation, West County has shaded one into the other to such an extent that it is almost impossible to determine which of two theories framed in the petition was presented to the jury.

■ However, regardless of which theory West County proceeded to trial on, conversion or breach of the contract of bailment, the conversion of bailed goods, here the contents of the bailed car, presupposes the existence of a valid bailment contract of the goods. As stated by this court in *Crow Contracting Corp. v. George F. Smith Co.*, 407 S.W.2d 593, 600[13] (Mo. App.1966):

> Whether the action is ex contractu or ex delicto, where the right to recover rests on the existence of the bailment relationship, and the fact of bailment is in issue, the burden of establishing such fact upon the whole case by an adequate degree of proof rests on the plaintiff *and includes the burden of proving the making of a valid contract of bailment between the parties*, the delivery to the bailee thereunder, and acceptance by the bailee.

*Accord* 8 Am.Jur.2d *Bailments* § 322 (1980). The very nature of bailment requires that there be a delivery by the bailor and an acceptance by the bailee of the subject matter of the bailment. *Ratterree v. General Motors Corp.*, 460 S.W.2d at 311. It is certainly true that liability for the contents of an automobile under bailment depends on the notice or knowledge of the bailee of the presence of the contents. *Bewley v. Allright Carpark, Inc.*, 617 S.W.2d 547, 551[3] (Mo.App.1981); *see* 38 Am.Jur.2d *Garages, and Filling and Parking Stations* § 49 *et seq.* (1968). Thus, while we agree with West County that, generally, the element of knowledge is not involved in actions of conversion, *see Coffman*, 591 S.W.2d at 26, knowledge is a critical element to establish a valid bailment. Absent such notice or knowledge, the requirement of acceptance by the bailee of the subject matter of the bailment is defeated, and no valid contract of bailment is created.

■ Evidence of a bailment relationship between West County and Domian concerning the medical equipment in the trunk of the car was, as Domian asserts, non-existent at trial. While West County alleged in its petition that Domian had knowledge that the items of personal property, the portable EKG machine, and the two medical bags with their contents, were inside the automobile, no evidence supports that Domian had knowledge of this personal property. Dr. Kilo testified that he had locked this equipment in the trunk when he left the car on the roadside, did not leave a key to the trunk with Domian, and did not mention to Domian the presence of the medical equipment in the trunk. Despite the proximity between Dr. Kilo's home and Domian's premises, neither Dr. Kilo nor any family member sought to retrieve the equipment from the trunk. Dr. Kilo admitted that he never inquired of Domain about the contents of the car. Nothing supports West County's allegation or conclusion that Domian had notice of the medical equipment in the trunk. Absent this proof of Domian's knowledge of the contents of the car, the requisite element of acceptance was missing. We hold that the trial court erred in permitting the jury to decide the issue whether Domian had breached the bailment contract by conversion of the contents of the automobile where the evidence failed to establish that a valid bailment contract for the goods had been created.

Domian's second point highlights as trial court error the giving of the not-in-MAI verdict director submitted by West County. Domian pinpoints three areas as fatal flaws. The first complaint with the instruction was its failure to require that West County was damaged as a direct result of Domian's conduct. Second, the instruction assumed the controverted issue of fact not only that West County owned the medical equipment but also that the medical equipment was in the trunk when the car was placed in Domian's control. Third, the instruction did not follow the substantive law of bailment. Without addressing any of these points directly, we agree with Domian the instruction given by the trial court was erroneous.

Instruction number five, the sole verdict director, was given to the jury at West County's request. The instruction provided as follows:

Your verdict must be for the Plaintiff, West County Internal Medicine, Inc., if you believe:

First, Plaintiff was owner of a 1977 Mercury automobile; and

Second, said automobile and medical equipment contained therein was placed in the control of Defendant, Domian Standard Service, Inc., and

Third, while Plaintiff's automobile was in Defendant's possession, Defendant delivered said automobile to a third party not authorized by Plaintiff to receive it; and

Fourth, said automobile could not be returned to Plaintiff. Unless you believe Plaintiff is not entitled to recover by reason of Instruction NO. *6.*

In drafting instruction number five, the not-in-MAI verdict director, West County cited to the court *Bewley v. Allright Carpark, Inc.,* 617 S.W.2d 547, as its authority for the instruction. Accepting West County's characterization of its action as one for conversion, an instruction patterned on the one given in *Bewley* is inapposite. The cause of action in *Bewley* was for breach of the bailment contract for failure to return the property in accordance therewith. 617 S.W.2d at 552. The underlying theory of liability in *Bewley* sounded in contract, not conversion.

The verdict director in *Bewley* instructed the jury of the following: 1) plaintiffs' ownership of personal property contained in an automobile; 2) placement of this property in defendant's control (delivery); 3) for an agreed price (consideration); 4) defendant's knowledge of this property (acceptance); 5) theft of the property while in defendant's possession; and 6) inability to return to plaintiffs their property (breach of contract and damages). *Id.* at 551. The court held that the instruction adequately submitted all the essential elements of the bailment of the contents, including that plaintiffs were damaged which was implicit

in the jury's finding a failure to return the personal property. *Id.*

The instruction here submitted by West County contains no paragraph requiring a finding of Domian's acceptance (knowledge) of the car or the medical equipment in its trunk. Furthermore, its third paragraph, which requires a finding of Domian's delivery of the automobile to an unauthorized third person, sounds in conversion. With these apparent differences, we do not agree that the instruction given here is patterned after *Bewley*.

We note in passing that, while the court declared the instruction in *Bewley* followed the substantive law, *Id.* at 551–52, the instruction is not a model of clarity. We suggest future plaintiffs may be better served in patterning their verdict directors for breach of contract for failure to return the property in accordance therewith by reliance on the instruction utilized in *Church v. Richfer Corp.*, 618 S.W.2d 29, 30 (Mo. banc 1981).

■ If the verdict director here is one for conversion as West County contends, and not a contractual breach of the bailment relationship as in *Bewley*, the instruction, nevertheless, is deficient. We believe it was erroneous to lump the car and its contents together in the same instruction. Including the personal property with the car in a submission under conversion was improper where the evidence never established the existence between West County and Domian of a valid contract of bailment of the personal property in the trunk of the car. Had the instruction omitted the reference in its second paragraph "and medical equipment contained therein," it might otherwise have been a proper submission to the jury for conversion of the automobile, but not for both the car and the contents in its trunk.

A proper verdict director for breach of the bailment by conversion of the contents of the car would have required additional findings by the jury. Since the very existence of a bailment relationship of these items was at issue, the jury should have been required first to find the elements establishing the bailment, *i.e.* delivery and acceptance. The omission of these findings in the instruction for breach of the bailment by conversion of the automobile was not error because the existence of a bailment relationship between Domian and West County of the automobile was never at issue; however, their absence in reference to the contents of the car was fatal.

Even had the existence of a valid bailment of the contents of the trunk not been in issue, we do not agree with West County's position that their use of "automobile" in paragraphs one, three and four by implication referred to the medical equipment in the trunk. West County argues conversion of the car is equivalent to conversion of the car and contents. While "automobile" may sufficiently encompass equipment and accessories of the car such as a battery, transmission, spare tire or tire jack, it is not all inclusive and certainly does not extend to the medical equipment at issue here. Two separate instructions on conversion, one for the automobile and one for the medical equipment, would still have been required. We hold that the personal property consisting of the medical equipment in the trunk was improperly submitted in the verdict director for the conversion of the automobile.

■ We cannot conclude the instructional error was not prejudicial. The jury verdict was returned for an amount greater than the fair market value of the medical equipment but less than the testified value of the automobile, so the damages assessed may have improperly included an award for the personal property.

The judgment is reversed and remanded for retrial.

CRIST, P.J., and CARL R. GAERTNER, J., concur.