**KINCAID ENTERPRISES, INC., Appellant,**

v.

**Herbert L. PORTER, Respondent.**

**No. WD 40135.**

Missouri Court of Appeals, Western District.

Oct. 11, 1988.

Arthur A. Benson, II and Jamie Kathryn Lansford, Kansas City, for appellant.

H. Kent Desselle, Independence, for respondent.

Before CLARK, P.J., and LOWENSTEIN and FENNER, JJ.

CLARK, Presiding Judge.

This appeal is taken from an entry of summary judgment denying appellant's claim for damages for breach of contract. The issue is whether appellant's evidence was sufficient to survive a motion for directed verdict at the close of plaintiff's evidence. We conclude it was and therefore reverse the judgment.

Appellant Kincaid and respondent Porter were competitors in the business of furnishing temporary employees to staff entertainment events where ushers and similar personnel were needed. In 1984, Kincaid first expressed an interest in buying Porter's business to eliminate the competition for the limited market in the service. Discussions and negotiations followed cul-

minating in a sales agreement signed March 1, 1985. Kincaid paid Porter $35,000 and Porter sold his enterprise as a going concern. Included were good will, the trade name, customer lists, contracts, employee uniforms and all other assets. Porter agreed to preserve his business intact during the transition, to fulfill existing contracts and not to engage for his own account in a similar business for three years. To this point, the facts of the case were not in contest.

Appellant alleged that after the sale was closed, Porter failed to perform his agreement, did not deliver all the Porter business assets and aided and assisted a former Kincaid employee in establishing a service business in competition with Kincaid. That area of proof was disputed.

The following added details in evidence are, in light of the court's action in directing a verdict, recounted giving Kincaid the most favorable view of the evidence and the benefit of all favorable inferences to be drawn from the evidence. *Farer v. Benton*, 740 S.W.2d 676, 677 (Mo.App.1987).

Immediately after the sale was completed, Porter told his customers that he was no longer in the service business and that a competitor had entered the field. As Kincaid later learned, that competitor was his former general manager, Michael Jack. Efforts by Kincaid to continue the business Porter had enjoyed with a number of clients were unsuccessful because those customers had already made agreements to use Jack's service.

At the time the sale of the business to Kincaid was being concluded, Porter held a meeting with his employees and told them he was going out of business. He also suggested that if any wanted to continue working, Michael Jack was starting a new service. Many of those in Porter's service were black and they were told by Porter that Kincaid did not hire blacks. Later, Kincaid observed Jack's employees wearing Porter uniforms which had been included in the Porter business assets Porter was obligated by the sales agreement to deliver to Kincaid.

The trial court stated no reasons for directing the verdict for defendant. In his motion for directed verdict, however, Porter asserted that Kincaid had offered no evidence of damages, beyond speculation and conjecture, and even if some damages were proved, the evidence did not show Kincaid's business losses were caused by Porter's breach of the sale agreement. Appellant contends on this appeal that the direction of a verdict was in error because a submissible case for breach of contract was made and even if damages sustained were not shown in particular certainty, plaintiff was at least entitled to recover nominal damages.

■ On the evidence summarized above, viewed most favorably to the plaintiff, it could not seriously be contended that plaintiff made no submissible case on the issue of breach of the sales agreement by Porter. A jury would have been entitled to find from plaintiff's evidence that Porter did not deliver to Kincaid all the employee uniforms which were purchased, that Porter aided and encouraged Michael Jack to commence a service business in competition with Kincaid and by various means, destroyed the value of the former Porter business as a going enterprise. On this account, it is assumed the trial court directed the verdict on the ground urged at the time by Porter, that is, failure of proof of damages.

■ For purposes of this appeal, it is unnecessary to decide whether plaintiff proved actual damages if, as we conclude, proof of breach of the contract was sufficient to entitle plaintiff to go to the jury. In contract cases, proof of the contract and of its breach gives rise to nominal damages and, thus, a submissible case is made regardless of the failure to prove actual damages. *Sunny Baer Co. v. Slaten*, 623 S.W.2d 595, 598 (Mo.App.1981). The general theory of nominal damages is that they should be allowed where a legal right has been invaded but no actual damages were suffered or proved. *McClellan v. Highland Sales & Investment Co.*, 484 S.W.2d 239, 241 (Mo.1972). Where actionable injury is shown, there is a right to damages

and a court may not direct a verdict for the defendant because the plaintiff is at least entitled to recover nominal damages. *Keeton v. Sloan's Moving and Storage Co.*, 282 S.W.2d 194, 199 (Mo.App.1955).

Appellant argues that he did prove actual damages and, were the trial court to have submitted the case to the jury, an issue could have arisen as to whether Kincaid was entitled only to nominal damages or, to a greater sum. Here, however, the jury was not given the opportunity to decide whether plaintiff was entitled to a verdict at all and therefore the case must be retried on the issues of liability and damages.

The judgment is reversed and the case is remanded for a new trial.

All concur.